## People's National Bank, for Use and Benefit, etc., v. Jones et al. (Crossland & Crossland, Interveners).

(Decided May 30, 1933.)

WHEELER, WHEELER & SHELBOURNE for appellant.

J. D. MOCQUOT, W. A. BERRY, D. H. HUGHES and CROSSLAND & CROSSLAND for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on cross-appeal and reversing on original appeal.

On December 31, 1930, Robert Holland and three other parties robbed the People's National Bank of Paducah of $26,166.05. On January 13, 1931, Holland was arrested in Mobile, Ala., and was carrying a valise containing $3,570 in currency. On the 17th or 18th of January, M. O. De Jarnett, assistant cashier of the People's National Bank, arrived in Mobile and identified $2,240 of the money in the valise as the property of the bank. He was able to do this by the various wrappers placed around the money by the bank, and by the serial numbers of the remainder of the money. The balance of $1,330 he was unable to identify. On January 24, 1931, Holland was brought back to Paducah and indicted by the grand jury of McCracken county. His trial took place at the April, 1931, term, at which time the Mobile officers came to Paducah, brought the money and testified on behalf of the commonwealth. At the same time the money was placed in the custody of Marshall Jones. Holland was convicted of robbery, and sentenced to the penitentiary. After his conviction Holland employed the law firm of Crossland & Crossland to file a motion and grounds for a new trial and represent him in the Court of Appeals. On appeal the judgment was affirmed. Holland v. Commonwealth, 241 Ky. 813, 45 S. W. (2d) 476.

After the robbery, several casualty companies that had indemnified the bank against loss paid the bank the amount of money taken by Holland and other robbers.

Thereafter the bank, suing for the benefit of its indemnitors, brought this action against Marshall Jones, the custodian of the money, and Holland, the robber, to recover the $3,570 found in the valise and turned over to Jones for safe-keeping. Crossland & Crossland in-

tervened, asserted ownership of the money by virtue of their written assignment, and pleaded the one-year statute of. limitations. Holland filed a separate answer denying that the $3,570, or any part thereof was the property of the bank, and averring that the money belonged to him. He also pleaded the one-year statute of limitations. The bank then filed a reply to the answer of Holland, and the petition and answer of Crossland & Crossland. On final hearing the court gave judgment in favor of the bank for $2,240 of the money held by Marshall Jones, less one-half the cost of the action and one-half the cost of the rent for the box in which the money was kept. The remainder of the money, amounting to $1,330, less one-half the cost and one-half the box rent, was awarded to Crossland & Crossland. From that judgment the bank has appealed and Marshall Jones and others have prosecuted a cross-appeal.

We shall first consider the questions raised on the cross-appeal.

At the outset the claim is made that the failure of the bank to proceed under section 1132, Kentucky Statutes, providing in substance that the court in which a person may be convicted for felony or for taking, injuring or destroying property, if applied to at the same term in which the sentence is pronounced, by petition verified by affidavit, may order restitution or give judgment against the convict for reparation in damages, and enforce the collection of same by execution or other process, was a tacit admission that the property belonged to Holland, and precluded the bank from proceeding by action particularly against the attorneys who had obtained a written assignment of the money. The contention cannot be sustained. The remedy afforded by the statute is not exclusive. On the contrary, the statute (section 1135) itself provides that "a failure to pursue the remedy hereby given shall not deprive the party aggrieved of his civil action for the injury sustained." It is clear therefore that the bank did not admit anything or forego any of its rights by its failure to proceed under the statute.

The further point is made that the court erred in not sustaining the plea of limitations. The controlling statute, section 2553, Kentucky Statutes, reads as follows:

"Actions for the recovery of stolen property may be commenced against any person having had the same in possession within one year from the time the property is found by the owner thereof, and not after; and actions for the recovery of damages, or the value of stolen property, must be commenced against the thief or any accessory, within one year from the time of the discovery of the liability."

The argument is that the money was found by the bank when seen and identified by its assistant cashier on January 17 or 18, 1930, and that the action was not brought until January 20, 1932, which was more than a year after the property was found. It will be observed that the statute deals with two kinds of actions; one for the recovery of the property stolen, and the other for the recovery of damages or the value of stolen property, and that as to the former the period of limitation is one year from the time the property is found by the owner, and as to the latter the period of limitation is one year from the discovery of the liability. An action for the recovery of specific property is in effect an action for claim and delivery. In the very nature of things an action of that character cannot be successfully maintained unless the property itself is within the state and subject to the jurisdiction of its courts. It is not to be inferred that the Legislature intended that the owner should make a mere useless gesture by bringing a suit that could not result in any relief so long as the stolen property was outside the state. We are therefore constrained to hold that the word "found" means "found in this state," and as the action was brought within less than one year after the property was brought into the state, it follows that the court did not err in holding the plea of limitation unavailable.

On the original appeal it is insisted that the court erred in holding that the unidentified money was not the property of the bank. On the question of ownership the evidence may be summarized as follows: All the money was found in the valise carried by Holland. Of the money $2,240 was identified by the wrappers around the packages, and the serial numbers of certain bills. The balance of $1,330 could not be identified. Mr. De Jarnett, the assistant cashier, and Miss Thompson, teller of the bank, both saw Holland at the time of the robbery, and testified that he was one of the rob-

bers. After his arrest, Holland had several conversations with Edwin G. Corrick, investigator for the William J. Burns Detective Agency, representing the American Bankers' Association, and stated to him that the money found in his possession at the time of his arrest in Mobile, Ala., was part of the loot secured from the People's National Bank of Paducah, Ky.; that the money was secured on December 31, 1930, at the hour of noon from the People's National Bank in Paducah, Ky., where he and four other men held up the bank; that they then proceeded to the home of Walter Harris, in Memphis, Tenn., where they divided the proceeds of the robbery; that the money found in his possession was part of his share of the stolen money, but not all, as he had spent some of it; that a large portion of the money was new money that had never been in circulation, and on some of the bills People's National Bank was printed. On his return to Kentucky and while in the Kentucky State Penitentiary at Eddyville, Holland made a written confession in the presence of commonwealth's attorney, H. H. Lovett, E. G. Corrick, L. R. Gumm, and Kelly Franklin, in which he stated that he and four others entered and robbed the People's National Bank of an amount now said to be $26,000. Beverly Stegall went into the bank, had a gun in his hand, and assisted in the holdup. Also he had full possession of all the money in the get-away, and the money was later divided among them all, but in the division there were no $100 bills accounted for by Stegall. Also it was stipulated by the parties that Robert Holland would testify that he was not with those who robbed the People's National Bank; that all the money found in his possession in Mobile, Ala., was money made by him under employment of persons who were engaged in rumrunning and selling whisky; and that none of the money taken from his person or from the suitcase owned, carried, or claimed by him was part of the identical money, which had been stolen from the People's National Bank.

Analyzing this evidence we have on the one hand the recognition of Holland as one of the robbers, the identification of a portion of the bank's money in the valise which he was carrying, his confession that he and four others robbed the bank, and the proceeds of the robbery were divided among them, coupled with his ad-

mission that the money found in his possession was a part of the loot, and part, though not all, of his share of the money taken from the bank. On the other hand, we have his evidence that all the money found in his possession was made by him in rumrunning, and that none of the money taken from his person, or from the suitcase was part of the identical money which had been stolen from the bank, which statements are shown to be false in several particulars. The situation thus presented is not one where the chancellor's finding of fact will not be disturbed on appeal where the evidence is conflicting, and on consideration of the whole case the mind is left in such doubt that it cannot be said with reasonable certainty that the chancellor erred in his conclusion. Alexander v. Lewis, 184 Ky. 679, 212 S. W. 440. On the contrary, the only witness supporting the finding of the chancellor is shown to have testified falsely in many particulars, and all the other evidence and attendant circumstances point unerringly to the fact that all the money in the valise was the property of the bank, thus presenting a case where all doubt is removed, and the chancellor's finding will have to be set aside on the ground that it is not sustained by the weight of the evidence. Faulkner v. Headrick's Adm'r, 213 Ky. 692, 281 S. W. 813.

Ordinarily, a robber or thief cannot as against the owner pass title to the stolen property, even to a bona fide purchaser for value. Saltus & Saltus v. Everett, 20 Wend. (N. Y.) 267, 32 Am. Dec. 541. But the authorities seem to make an exception of money, bank bills, and negotiable paper payable to bearer, or transferable by delivery in the ordinary course of business. Murray v. Lardner, 2 Wall. 110, 17 L. Ed. 857; Jones v. Nellis, 41 Ill. 482, 89 Am. Dec. 389. Here Holland was not intrusted by the bank with indicia of ownership and no question of estoppel is presented. The money was not delivered to the attorneys. It was in the possession of an officer of the court, and they acquired title by virtue of the written assignment, which was accepted by the officer. The consideration was the legal services which they agreed to perform in an effort to obtain a new trial or a reversal of the judgment. At the time they took the assignment they knew that Holland had been tried and convicted of robbing the bank. In the circumstances they were not innocent purchasers for

value, and acquired no title to the stolen money by virtue of the assignment.

It follows that none of the money should have been awarded to the attorneys, but that all the money should have been awarded to the bank for the use and benefit of its indemnitors, who were subrogated to its rights.

Wherefore, the judgment is affirmed on the cross-appeal, and reversed on the original appeal, and cause remanded with directions to enter judgment in conformity with this opinion.