## AMERICAN SURETY CO. OF NEW YORK

### v.

## JOHNSON et al.

### No. 12022.

United States Court of Appeals, Sixth Circuit.

July 23, 1954.

Frank V. Benton, Jr., Newport, Ky. (Benton, Benton & Luedeke, Newport, Ky., on the brief), for appellant.

Alvin B. Trigg, Lexington, Ky., for appellees.

Before ALLEN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

On August 6, 1951, Robert Johnson and Edward Holthouser robbed the Suburban Federal Savings and Loan Association, Covington, Kentucky, of $6,014.00 in currency. Later that day they met Joe Medley in Louisville, and the next day Medley, in the company of two men, purchased an automobile for $2,195, paying for it in five, ten, and twenty dollar bills, the same denominations as had been stolen. Medley admitted having received money from Holthouser on the day of the robbery.

Three days later, Johnson and Holthouser were arrested by FBI agents in New Orleans. At the time of their arrest $525 was found in Johnson's possession and $517.77 in the possession of Holthouser. The automobile was found in a New Orleans garage, and Medley, the registered owner, later recovered the car and sold it.

Johnson and Holthouser subsequently pleaded guilty to the robbery, and each was sentenced to a term in the penitentiary. They assigned the money and other personal property which had been in their possession at the time of their arrest to their attorney in payment for his services.

The appellant, subrogee to the rights of the Suburban Federal Savings and Loan Association, subsequently filed this suit, claiming that in addition to a judgment against Holthouser and Johnson for the amount stolen, it was entitled to a lien on their estates from the time of their arrest, and to recover the money found in their possession as part of the actual proceeds of the robbery. The appellant also sought a judgment against Medley for the amount used to purchase the automobile.

The District Court entered judgment against Holthouser and Johnson for the amount stolen in the robbery but declined to grant the other relief sought. The court awarded the money and personal property found in the possession of Holthouser and Johnson to their attorney, by virtue of their prior assignment of it to him.

The trial court concluded that appellant had failed to identify the money found in the possession of Johnson and Holthouser as that which had been stolen. We are not disposed to disturb that conclusion. The evidence of identity was substantially less conclusive than in Peoples National Bank v. Jones, 1917, 249 Ky. 468, 61 S.W.2d 17.

We think the court was in error, however, in believing that that conclusion was dispositive of the question. Kentucky Revised Statutes 431.200, the text of which is set out in the margin,[1] in addition to providing a nonexclusive local procedure for the recovery of stolen or damaged property, further unequivocally provides, as a matter of substantive law: "The person injured shall have a lien on the estate of the criminal from the time of his arrest."

The arrest of Johnson and Holthouser was prior to the assignment to their attorney, and appellant's statutory lien was therefore superior to that assignment. It follows that appellant was entitled to enforcement of that lien in this case, and to the money and personal property in the possession of Johnson and Holthouser at the time of their arrest.

The District Court entered no judgment against Medley. Such a judgment would have to rest upon a finding of fact that the money used by Medley in buying the automobile was part of the money stolen. The District Court omitted to make a finding upon this issue.

The judgment of the District Court is, therefore, reversed in part, and the case

---

1. *"Reparation for property stolen or damaged, from person convicted.* Any person convicted of a felony for taking, injuring or destroying property shall restore the property or make reparation in damages. The court in which the conviction is had, if applied to by verified petition at the same term in which the sentence was pronounced, may order restitution or give judgment against the convict for reparation in damages, and enforce collection by execution or other process. In motions for restitution or reparation, the court shall cause the prisoner to be brought into court, and demand of him if he has any defense to make to the motion. If he consents to the restitution or to reparation in damages in an agreed sum, the court shall give judgment accordingly. Otherwise a jury shall be impaneled to try the facts and ascertain the amount and the value of the property, or assess the damages, as the case may be. A failure to pursue this remedy shall not deprive the person aggrieved of his civil action for the injury sustained. The person injured shall have a lien on the estate of the criminal from the time of his arrest."

is remanded for the entry of a judgment in accordance with this opinion with respect to the money and personal property found in the possession of Johnson and Holthouser, and with directions to make findings of fact and conclusions of law and to enter an appropriate judgment thereon with respect to the money used by Medley to purchase the automobile.