429 F.2d 5
 UNITED STATES of America,
v.
CENTRAL NATIONAL BANK OF CLEVELAND, DETROIT OFFICE; Central National Bank of Cleveland, Collingwood Office; Cuyahoga Savings Association; Union Commerce Bank; the Cleveland Trust Company; Union Federal Savings and Loan Association, Maple Road Branch; State Savings Company; Minneapolis Federal Savings and Loan Association; Greenwood Savings and Loan Association; Swedish-American Savings and Loan Association; Bayview Federal Savings and Loan Association; California Federal Savings and Loan Association, Appellees,
Edward Owen Watkins, Appellant, and
Kathleen Watkins.
 No. 20019.
 United States Court of Appeals, Eighth Circuit.
 June 30, 1970.
 Certiorari Denied November 9, 1970.
 
 See 91 S.Ct. 155.
 Edward Owen Watkins, pro se.
 Before MATTHES, HEANEY and BRIGHT, Circuit Judges.
 MATTHES, Circuit Judge.
 
 
 1
 This is an appeal from the judgment entered on July 18, 1969, by the United States District Court for the District of Minnesota in an interpleader action instituted under 28 U.S.C. §§ 1335, 1397 and 2361 by the United States. The res of the suit was $4,350.71, lawfully taken by F.B.I. agents from the person and home of Edward Owen Watkins upon his arrest on December 2, 1966, in Montana for bank robbery. The amount seized was deposited in the registry of the district court. The United States claimed no interest in the sum and was, on its motion, dismissed from the action and discharged from any further liability. The rival claimants were 10 banks and savings and loan institutions claiming losses from robbery by Watkins[1], plus Watkins himself and his wife, Kathleen. Each institutional claimant asserted a cross-claim against Watkins for the amount of money stolen by him. The district court, on a motion for summary judgment, found that $300 of the sum on deposit was "bait money", marked and traceable to the Minneapolis Federal Savings & Loan Association, and was properly allocable to that institution in reduction of its claim. The court directed that the remaining money, amounting to $4,050.71, be distributed pro rata among the 10 institutional claimants. The court took notice in its findings of fact and conclusions of law that appellant had pled guilty on May 25, 1967, in the United States District Court in Cleveland, Ohio, to charges of robbing each of the 10 federally-insured institutions over a period from February 3, 1965, to November 28, 1966. Hence, the court found and adjudged that appellant was liable to the victimized claimants for the amount of their respective cross-claims, totaling $128,342.26. Appellant and his wife were dismissed from the suit by judgment that they take nothing on their claim. Watkins alone has appealed.
 
 
 2
 Appellant claims that all but $300 of the amount disbursed pro rata by the district court was in fact his own personal money. He concedes that return of the "bait money" was proper. In answer to the cross-claims, appellant had alleged that the $4,050.71 came into his possession as a result of (1) the sale of 28 horses, (2) the sale of a horse trailer, (3) a casualty-loss payment from an insurance company for loss of his wife's car, and (4) winnings from a weekend of gambling in Las Vegas. The foregoing claims were not established except by appellant's affidavit. The issue presented for our determination, therefore, is whether appellant has any legal claim to the unmarked money distributed by the district court. We hold that he does not.
 
 
 3
 The district court properly adjudged that appellant was liable to the respective institutional claimants for a total sum of $128,342.26. The source of the unmarked $4,050.71, whether from one or more of the robbed institutions or from elsewhere, is unascertainable. But we need not, as appellees suggest, raise and rely upon a presumption that the unmarked money in the court's registry is part of the loot stolen by appellant, and then invoke the common law tenet that a thief possesses no ownership rights in property which he has purloined. We need only hold that where, as here, one of the rival claimants obtained large sums of money from the other claimants in the course of the commission of felonies, that as between the felon and his rival claimants the felon is not entitled to participate in the distribution of the money properly the subject of an interpleader action. On this record, it would indeed be shocking to the dictates of equity, justice, and conscience to allow appellant, adjudged a debtor because of multiple serious crimes against the creditor-victims, to receive any of the money properly on deposit, which money may well be stolen and is, in any event, subject to no legally superior claim by the self-confessed debtor-robber. See People's National Bank v. Jones, 249 Ky. 468, 61 S.W.2d 17 (1933). The court's pro rata distribution was in all respects proper. See Ruddle v. Moore, 134 U.S.App.D.C. 3, 411 F.2d 718 (1969).
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 One of the banks joined as defendant in the complaint, Union Commerce Bank of Lakewood, Ohio, filed no responsive pleading and made no claim to the monies on deposit with the district court. Accordingly, that bank did not participate in the pro rata distribution